# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD EARL BELL, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 07-cv-872-GPM |
| MIKE MURPH, *et al.*, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, formerly an inmate in the Danville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

The complaint is brief, sketchy and vague. Plaintiff seems to be upset over several matters related to parole including: (1) a "violation of prisoner rule for parole"; and (2) that "Mike Murph was not [his] parole officer." Additionally, Plaintiff appears to complain about some money, a bank in East St. Louis, his relatives, and Social Security. As relief, Plaintiff seeks $18,000, stating that he lost everything.[1]

Although a court must read *pro se* pleadings liberally, the Court is not required to imagine allegations that simply are not present. Nothing in the complaint is clear enough to put Defendants on notice of the claims made against them, and the Court will not require them to attempt a response to this action.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 5/19/08

s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

[1] Although later in the complaint, Plaintiff also requests $23,000.